[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15269
Non-Argument Calendar

_____

Agency Docket No. A96-110-318

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 22, 2005
THOMAS K. KAHN
CLERK

YI ZHENG,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review from a Final Decision of
the Board of Immigration Appeals

_____

(June 22, 2005)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Yi Zheng, a native and citizen of China, attempted to enter the United States

in August 2002 without a valid entry document.  Zheng admitted that she was removable, but sought asylum, withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.  An Immigration Judge ruled that Zheng was removable and that she was not entitled to asylum, withholding of removal, or CAT relief.  Zheng appealed the IJ's decision to the Board of Immigration Appeals.  The BIA affirmed without opinion.  See 8 C.F.R. § 1003.1(e)(4).  Zheng now petitions this Court for review.

"Because the BIA affirmed the IJ's order without opinion, the IJ's decision constitutes the final agency determination to be reviewed by this Court."  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1285 n.2 (11th Cir. 2005).  "To the extent that the BIA's decision was based on a legal determination, this Court's review is de novo."  D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004).  "The BIA's factual determinations are reviewed under the substantial evidence test, and this Court must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Id. at 817–18 (internal marks and citation omitted).

"We have described the substantial evidence test as 'deferential,' and have emphasized we may not 're-weigh the evidence' from scratch."  Mazariegos v.

2

U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering a withholding of removal claim).

Zheng challenges the IJ's allegedly heavy reliance on the State Department's County Reports. This issue is meritless. We have said that an IJ may heavily rely on the Country Report. Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1243 (11th Cir. 2004).

Zheng also alleges that the IJ erred in finding her not credible, a determination that undermined her ability to gain relief. "As with other factual findings, '[c]redibility determinations . . . are reviewed under the substantial evidence test.' That is, '[t]he trier of fact must determine credibility, and this court may not substitute its judgment for that of the [IJ] with respect to credibility findings.'" Forgue, 401 F.3d at 1286 (internal citations omitted; brackets in original).

"[A]n adverse credibility determination alone may be sufficient to support a denial of an asylum application"[1] Id. at 1287. "Of course, an adverse credibility

---

[1] If an applicant cannot establish that she is entitled to asylum, she generally cannot establish that she is entitled to withholding of removal or CAT relief. Forgue, 401 F.3d at 1288 n.4 ("Because Forge has failed to establish a claim of asylum on the merits, he necessarily fails to

determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." Id. "Further, the IJ must offer specific, cogent reasons for an adverse credibility finding." Id. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id.

Here, the IJ "offer[ed] specific, cogent reasons for [his] adverse credibility finding." Id. at 1287. Prior to and during her removal hearing, Zheng repeatedly claimed that she was single and feared punishment because she had lived with her boyfriend. During the removal hearing Zheng claimed for the first time that she and her boyfriend were married under the customs of her area because they lived together. When the IJ questioned the accurateness of Zheng's assertion, in light of his own familiarity with those traditions, Zheng said for the first time that she and her boyfriend had undergone a traditional marriage ceremony. Moreover, Zheng was initially vague in answering questions about her wedding date and did not have any pictures of the event.

---

establish eligibility for withholding of removal or protection under CAT.") (citing Najjar v. Ashcroft, 257 F.3d 1262, 1292–93 (11th Cir. 2001)) Najjar, 257 F.3d at 1292–93 ("Where an applicant is unable to meet the well-founded fear standard for asylum, he is generally precluded from qualifying for either asylum or withholding of deportation.") (internal citations and marks omitted). Here, there no argument is made that Zheng's case is outside the general rule.

Also, Zheng gave one birth year (1982) when she first arrived in the United States and another (1984) in her application for asylum and at the removal hearing. The birth year Zheng claimed at the removal hearing made her underage for legal marriage in China while her initially-given birth date did not.

These inconsistencies support the IJ's finding that Zheng was not credible. Cf. Id. at 1287–88 (concluding that the IJ's finding that Forgue was not credible was supported by substantial evidence because, prior to his hearing before the IJ, Forgue had failed to reveal numerous facts that would support his claims).  Given the IJ's determination that Zheng lacked credibility, a finding that this record does not compel be reversed, substantial evidence supports the IJ's denial of relief.

**PETITION DENIED.**